IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| WILLIAM J. HIX | § | |
| | § | |
| VS. | § | A-15-CV-1009-LY |
| | § | |
| BOSQUE COUNTY, TEXAS, ET AL. | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

Before the Court are: Defendant Bosque County, Texas' Opposed Application/Request for Attorney's Fees and Costs (Dkt. No. 41); Plaintiff's Response (Dkt. No. 45); and Defendant's Response (Dkt. No. 48). The undersigned submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(h) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas.

**I. GENERAL BACKGROUND**

In this declaratory judgment action William Hix sued various Texas counties, soil and water conservation districts, and three of his neighbors about access to, and use of, a small lake on Hog Creek in Coryell County. Ultimately the undersigned submitted a Report and Recommendation recommending that Hix's claims be dismissed. Additionally, the undersigned recommended that Hix and his counsel, Regina Bacon Criswell be jointly and severally sanctioned "for all of the attorney's fees and costs Bosque County has reasonably incurred in responding to this suit." (Dkt. No. 34). The Court stated:

> Bosque County has been put to the expense of defending a lawsuit that never should have been filed, and it is reasonable for the sanction here to be the repayment of those costs and expenses. The case is the same with regard to Hix's counsel. She was put on notice early in the case that the case was meritless, and nevertheless continued to pursue it based on spurious legal arguments. She failed to adequately investigate the

>   legal underpinnings (or lack thereof) of her case before filing the suit, and she was unaware that current case precedents defeated her primary argument. Further, she continued to prosecute the suit after receiving notice of its defects. Making her jointly and severally liable with her client for the costs they collectively caused Bosque County to incur is appropriate, and is the least severe sanction that serves the purposes of Rule 11.

The district judge adopted the Report and Recommendation and re-referred the attorney's fees issue to the undersigned.

## II. ANALYSIS

In accordance with Rule CV-7(j) of the Local Rules for the Western District of Texas, Defendant Bosque County requests $14,305.00 in attorney's fees and $91.48 in costs. Bosque County has submitted the billing records of its counsel, Scott Tschirhart, and a supporting Affidavit. Dkt. No. 48. Hix objects to Bosque County's request for fees as unreasonable and unnecessary on various bases.

First, Hix asserts that attorney Tschirhart misstated his billable rate as $185.00 per hour when he requests fees for a rate of $200.00 per hour. The record reflects that Tschirhart's time is in fact billed at a rate of $185.00 per hour, despite his representation in his Affidavit that his hourly rate is $200.00. Accordingly, the Court finds this is not a proper basis to reduce the bill.

Next, Hix complains that Bosque County requests fees for monitoring his claims against the State of Texas and its agencies who were also initially parties to the suit. Hix argues that "these efforts are not a necessary and reasonable attorney fee expense as these claims did not pertain to the County in any respect." This assertion begs the question as to why these parties were sued in the same suit as the County if the claims were totally unrelated. The Court finds this argument is without merit. Bosque County's attorney was in fact required to monitor the entire lawsuit—which the plaintiff filed—and it is inexplicable how he could determine if an argument was inapplicable to his client without reviewing that argument.

Hix also complains that two hours billed for filing an Advisory to the Court in January 2016 is unreasonable because the document was only two pages long and that the Advisory was unsupported by fact and law. Hix additionally argues that Bosque County should not be able to collect fees for preparing its First Motion to Dismiss because it was denied as moot when Hix filed his First Amended Complaint, and the arguments in that motion were frivolous. The Court finds that Bosque County is properly reimbursed for fees incurred in preparing the Advisory to the Court and the First Motion to Dismiss. Two hours is an acceptable length of time to prepare the Advisory and it is not Bosque County's fault that the Motion to Dismiss was denied as moot, as that was occasioned by Hix's decision to amend his complaint.

Hix also argues that Bosque County is improperly requesting fees for its review of Hix's Response to all Defendants' Motion to Dismiss and for preparing its Reply. Hix argues that he did not file a Response to the State's Motion to Dismiss. In fact, Hix filed an Advisory to the Court stipulating dismissal of his claims against the State of Texas and its agencies. However the time entry in issue states "analyze Response to the Motion to Dismiss of all Defendants and work on a Response." A review of the case and the filings at this time makes it clear that counsel was referring "Defendant Bosque County, Texas' Reply to Plaintiff's Response to Bosque County's Motion to Dismiss" filed on that date (Dkt. No. 9). The time spent by Bosque County preparing a pleading to respond to a pleading filed by Hix was reasonable and necessary.

The Order granting the Motion for Sanctions granted Bosque County reimbursement for its expenses in defending this ultimately frivolous suit. Hix argues that Bosque County's request for non-billable expenses are not supported by a Bill of Costs. However the fees awarded in this case are awarded as a sanction and not based on Bosque County's status as a prevailing party, and thus the request for expenses need not be supported by a Bill of Costs. FED. R. CIV. P. 54(d)(2)(E).

Hix also objects to Bosque County's expenses incurred on arguments he deems frivolous, communications with the Court, and administrative expenses he deems unnecessary. The Court finds that Bosque County's counsel's actions were reasonable, his arguments were not frivolous, and he did not unnecessarily accrue expenses through communications with the Court and administration of this case. Counsel's billable hours are well-documented and supported by the record evidence.

Lastly, Hix argues that when Bosque County filed its initial Motion for Sanctions it requested sanctions in the amount of $4,236.50 and that amount has increased dramatically to $14,305.00 in attorney's fees and $91.48 in costs, despite little additional work on the case. The Motion for Sanctions (Dkt. No. 12) was filed February 24, 2016. Since that time Bosque County filed a Motion to Dismiss and Reply, the Court held a hearing, Hix filed Objections to the undersigned's Report and Recommendation to which Bosque County responded, and Hix filed various other motions with the Court requiring Bosque County to respond. The Court's Docket now reflects 48 entries – 36 more since the initial Motion for Sanctions was filed. Had Hix wished to avoid these additional costs, he could have taken advantage of the safe harbor provided in Rule 11 and withdrawn his frivolous claims.  The Court finds the increase in the amount of fees requested is justified and supported by the activity in the case and Bosque County's documentation of its attorney's billed time.

### III. RECOMMENDATION

For all of the reasons set forth above the undersigned **RECOMMENDS** that the district judge **GRANT** Bosque County's Opposed Application/Request for Attorney's Fees and Costs (Dkt. No. 41) and **ORDER** William J. Hix, and his counsel, Regina Bacon Criswell, to jointly and severally pay Bosque County **$14,305.00 in attorneys' fees and $91.48 in litigation expenses by a date certain to be determined by Judge Yeakel**. It is **LASTLY ORDERED** that this case be **REMOVED** from the docket of the undersigned and placed on the docket of the Honorable Lee Yeakel.

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 21st day of October, 2016.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE